UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

WILLIAM MILLS,

            Plaintiff,

    -against-

MR. BULT'S, INC. d/b/a/ MBI

            Defendant.

Case No.:

**COMPLAINT**

**Collective Action and Class Action Complaint**

Plaintiff WILLIAM MILLS ("Plaintiff"), by and through his attorneys, SERRINS FISHER LLP, alleges against Defendant MR. BULT'S, INC. d/b/a/ MBI ("Defendant") as follows:

## JURISDICTION AND VENUE

1.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (original federal question jurisdiction). Supplemental jurisdiction over the New York State and City Law claims is conferred by 28 U.S.C. § 1367(a), as such claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2.    Venue is proper in this District because Defendant conducts business in this District, and substantial acts and/or omissions giving rise to the claims alleged herein took place in this District.

## NATURE OF THE ACTION

3.    Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the regulations thereto; the New York Labor Law

("NYLL")(§ 650 *et seq.*) and the New York Commissioner of Labor's Wage Order (the "Wage Orders,") codified at 12 N.Y.C.R.R. 141 *et seq.*; and New York State Human Rights Law, Executive Law § 290 *et seq.* ("Human Rights Law,") based upon the following acts and/or omissions which Defendant committed intentionally and willfully, with knowledge that they were violating federal and state laws and that Plaintiff would be economically injured:

    i. Defendant's failure to compensate Plaintiff for overtime pay in accordance with the FLSA and NYLL;

    ii. Failure to provide wage notices and proper wage statements under the NYLL;

    iii. Defendant's discriminatory termination of Plaintiff on the basis of his disability/record of disability, in violation of the Human Rights Law; and

    iv. Defendant's retaliatory termination of Plaintiff because he requested a reasonable accommodation for his disability, in violation of the Human Rights Law.

## THE PARTIES
### *Plaintiff*

4.    Plaintiff is an adult individual residing in the State of New York.

5.    From on or about October 27, 2015 to on or about January 6, 2016, Defendant employed Plaintiff as a driver.

6.    Plaintiff was at all times material hereto an "individual" within the meaning of the Human Rights Law, protected against discrimination on the basis of disability.

### *Defendant*

7.    Defendant is a foreign business corporation with principal offices located in the State of New York.

8.      Defendant provides waste transportation services in the State of New York.

9.      Upon information and belief, at all times relevant hereto, Defendant has been a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning gross annual sales over $500,000.

10.     Upon information and belief, at all relevant times hereto, Defendant has been and continues to be "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203.

11.     Defendant constitutes an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

12.     At all relevant times, Defendant has been Plaintiff's employers within the meaning of the NYLL §§ 2 and 651.

13.     At all relevant times hereto, Defendant has continuously been doing business in the State of New York, and has continuously employed four (4) or more employees, and accordingly is an "employer" within the definition of the Human Rights Law and City Law.

## FACTUAL ALLEGATIONS

### Plaintiff's Overtime Claims

14.     Plaintiff began working as a driver for Defendant on October 27, 2015.

15.     Plaintiff drove Defendant's "Southern Tier," which meant transporting waste from the Cooper Tank Recycling Plant in Brooklyn, New York to the Hakes Landfill in Painted Post, New York.

16.     Upon hire, Plaintiff was officially scheduled to work from Monday night through Saturday morning.

17.   However, Plaintiff regularly worked an additional day each week.

18.   Plaintiff's day began work at 8:00 p.m. in Painted Post to pick up the truck that he would drive.

19.   Plaintiffs then generally drove approximately 5 hours from Painted Post to Brooklyn.

20.   In Brooklyn, Plaintiff waited in his truck while the refuse was loaded, a process which took between 1.5 hours to 4 hours each day.

21.   Plaintiff then transported the refuse to Hakes Landfill in Painted Post, a trip that generally lasted approximately 6 hours.

22.   Once Plaintiff arrived at the landfill, he helped unload the refuse and returned the truck to Defendant's depot in Painted Post.

23.   On some occasions, Plaintiff would drive the truck to Defendant's headquarters in Syracuse if the truck required servicing.

24.   For this work, Defendant paid Plaintiff $275 for each trip.

25.   Even though Plaintiff regularly worked overtime hours, Defendant did not pay him any additional pay for the hours he worked in excess of 40 each week

26.   Upon Plaintiff's hire, Defendant provided him with a wage notice that incorrectly stated that would be paid $13 an hour if he had to drive the truck to Syracuse for maintenance.

27.   Similarly, Defendant did not provide to Plaintiff a wage statement accompanying his pay that included Plaintiff's regular and overtime hourly rates of pay or hours worked.

**Plaintiff's Discrimination Claim**

28.     Throughout his employment, Plaintiff consistently met Defendant's performance expectations and satisfactorily carried out his job duties.

29.     On December 29, 2015, while driving his route, Plaintiff became ill and was forced to call for emergency medical assistance.

30.     Plaintiff was transported to a hospital, and the emergency room doctor advised Plaintiff that he was not permitted to drive until he was examined by a cardiologist.

31.     Plaintiff scheduled an appointment with a cardiologist, who advised him that he suffered from a heart arrhythmia resulting from Plaintiff's extremely long work schedule.

32.     As a result of the diagnosis, the doctor recommended that Plaintiff only work a maximum of 8 hours a day.

33.     Plaintiff informed his supervisor Gregg [LNU] on December 31, 2015 of his medical requirements and requested that Defendant provide to him a reasonable accommodation of assigning him to eight hour runs.

34.     Gregg informed Plaintiff that he would convey Plaintiff's request to Human Resources and that Plaintiff would have to submit medical documentation.

35.     Plaintiff submitted a letter from his doctor on January 4, 2016 informing Defendant that Plaintiff could not medically work more than eight hour shifts.

36.     On January 6, 2016, Gregg informed Plaintiff that Defendant did not have any eight hour shifts available and that he was terminated immediately.

37.     Subsequently, Plaintiff received a letter from Defendant dated December 28, 2015 advising him that his employment had been terminated.

38.    Plaintiff subsequently learned that Defendant had an available eight hour shift, but when he asked Gregg to assign him to that shift, Gregg informed him that the shift was not available.

39.    Defendant's actions were intentional and in reckless disregard for the health and well-being of Plaintiff.  As a proximate result of these actions, Plaintiff has endured emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation, harm to his reputation and loss of wages and benefits.

**Collective Action Allegations.**

40.    Defendant's violations of the FLSA and NYLL extend beyond the Plaintiff to all other similarly situated employees.

41.    Plaintiff seeks certification of this action as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself, individually, and all of Defendant's other similarly situated current and former drivers who drove in the Southern Tier.

42.    Plaintiff's Consent to Sue form is attached as **Exhibit 1**.

43.    Upon information and belief, there are at least 40 drivers who drove that route and other employees performing similar duties who have been denied overtime compensation while working for Defendant.

44.    At all relevant times, Plaintiff and others who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendant's common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay the statutorily required minimum wage for all hours worked, willfully failing and refusing to pay the statutorily required overtime compensation for

hours worked in excess of forty (40) per workweek, and willfully failing to keep records required by the FLSA. Plaintiff's claims stated herein are similar to those of other employees.

45. Similarly situated former and current employees are readily identifiable and locatable through Defendant's records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

**III. Class Action Allegations Under Fed. R. Civ. P. 23(b)(3) for Violations of the NYLL.**

46. Plaintiff brings this action collectively on behalf of himself and other similarly situated employees who did not receive compensation required by the NYLL in respect to their work for Defendant and who have worked for Defendant as drivers driving in the Southern Tier on or after the date that is six (6) years before the filing of the instant Complaint.

47. Upon information and belief, this class of persons consists of not less than 40 persons, and the class is thus so numerous that joinder of all members is impracticable under the standards of Fed.R.Civ.P.23(a)(1).

48. There are questions of law and fact common to the class, which predominate over any questions affecting only individual members, specifically: whether employment of Plaintiff by Defendant is subject to jurisdiction and wage and overtime requirements of the NYLL.

49. The claims of Plaintiff are typical of the claims of the above-described class in that all of the members of the class have been similarly affected by the acts and practices of Defendant.

50. Plaintiff will fairly and adequately protect the interests of the members of the class, in that his interests are not adverse to the interests of other members of the class.

51.     A class action is superior to the other available methods for the fair and efficient adjudication of the controversy under the standards of Fed.R.Civ.P.23(b)(3).

52.     Plaintiff brings the second and third claims for relief herein on behalf of himself and all other persons similarly situated as a class action pursuant to Fed.R.Civ.P. 23, in respect to all claims that Plaintiff and all persons similarly situated have against Defendant as a result of Defendant's violations of NYLL.

### FIRST CLAIM FOR RELIEF
**(FLSA Overtime Wage Violations against Defendant)**

53.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

54.     At all relevant times hereto, Plaintiff was engaged in interstate "commerce" within the meaning of the FLSA.

55.     At all relevant times hereto, Defendant has employed "employee[s]," including Plaintiff.  Defendant had the power to hire and fire Plaintiff, control his terms and conditions of employment and determine the rate and method of any compensation in exchange for his employment.

56.     Within the statute of limitations period covered by these claims, Plaintiff regularly worked in excess of forty (40) hours per workweek.

57.     At all relevant times hereto, Defendant had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of knowingly and willfully failing and refusing to pay Plaintiff at one and a half times his regular rate of pay for all hours of work in excess of forty (40) hours per workweek, and willfully failing to keep required records, in violation of the FLSA.

58.     Plaintiff seeks damages in the amount of his respective unpaid compensation, liquidated (double) damages as provided by the FLSA, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### SECOND CLAIM FOR RELIEF
### (NYLL Overtime Wage Violations against Defendant)

59.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

60.     New York law prohibits an employer from permitting an employee to work without paying overtime wages for all hours worked in excess of forty (40) in any workweek.

61.     Within the statute of limitations period covered by these claims, Defendant knowingly, willfully, regularly and repeatedly has failed to pay Plaintiff at the required overtime rates, one and a half times his regular rate of pay, for hours worked in excess of forty (40) per workweek.

62.     As a direct and proximate result of Defendant's willful and unlawful conduct, as set forth herein, Plaintiff has sustained damages and seeks recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF
### (NYLL Failure to Notify)

63.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

64.     Pursuant to §195(1) of the NYLL, within ten business days of Plaintiff's hiring, Defendant was obligated to provide him with a notice describing, *inter alia*, his hourly regular and overtime rates of pay.

65.     Pursuant to §195(3) of the NYLL, Defendant is obligated to provide Plaintiff with a wage statement, along with his pay, that specified his rate of pay, his hours worked, and the pay period.

66.     Defendant failed to provide Plaintiff with an accurate and proper notice or paystub in accordance with §195 of the NYLL.

67.     As a direct and proximate result of Defendant's willful and unlawful conduct, as set forth herein, Plaintiff has sustained damages and seek damages in accordance with §195 of the NYLL for each day or week Defendant failed to provide such notice and paystubs, along with attorneys' fees, costs and prejudgment interest as provided by NYLL § 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

### FOURTH CLAIM FOR RELIEF
### (Discriminatory Termination of Plaintiff
### On the Basis of Disability
### In Violation of New York State Human Rights Law)

68.     Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

69.     By the acts and practices described above, Defendant discriminated against Plaintiff by terminating his employment on the basis of his disability, in violation of Human Rights Law.

70.     Defendant knew that its actions constituted unlawful discrimination and/or acted with malice or reckless disregard for Plaintiff's statutorily protected rights.

71. Plaintiff has suffered and will continue to suffer irreparable injury, monetary damages, mental anguish, humiliation, and damage to his reputation as a proximate result of Defendant's discriminatory practices, unless and until this Court grants the relief hereinafter described.

## FIFTH CLAIM FOR RELIEF
### (Retaliatory Termination of Plaintiff
### On the Basis of Disability
### In Violation of New York State Human Rights Law)

72. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

73. By the acts and practices described above, Defendant retaliated against Plaintiff by terminating his employment because he requested a reasonable accommodation, in violation of Human Rights Law.

74. Defendant knew that its actions constituted unlawful retaliation and/or acted with malice or reckless disregard for Plaintiff's statutorily protected rights.

75. Plaintiff has suffered and will continue to suffer irreparable injury, monetary damages, mental anguish, humiliation, and damage to his reputation as a proximate result of Defendant's retaliatory practices, unless and until this Court grants the relief hereinafter described.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant awarding:

    i.    Compensatory damages;

    ii.    Backpay;

   iii.    Front Pay;

   iv.    Liquidated Damages;

   v.    Prejudgment interest;

   vi.    Reasonable attorneys' fees and costs incurred in this action; and

   vii.    Any other relief the Court deems just and proper.

Dated: April 15, 2016
       New York, New York

Respectfully submitted,

Alan Serrins (AS-4739)
Michael Taubenfeld (MT-4640)
SERRINS FISHER LLP
233 Broadway, Suite 2340
New York, New York 10279
Phone: (212) 571-0700
*ATTORNEYS FOR PLAINTIFF*

# EXHIBIT 1

**CONSENT TO SUE UNDER FEDERAL FAIR LABOR STANDARD ACT**

I am an individual who was employed by MBI d/b/a Mr. Delly Inc. and consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by me in this case.

William E. Mills
_____
NAME

_____
SIGNATURE

2/12/14
_____
DATE